UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-11-3

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-CR-34EBB |
| v. | VIOLATIONS: |
| ROBERT GENTILE and<br>ANDREW PARENTE | 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of OxyContin)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Dilaudid)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute Percocet)<br><br>21 U.S.C. § 853 (Criminal Forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNT ONE

From in or about October 2011, the exact dates to the grand jury being unknown, up to and including November 22, 2011, in the District of Connecticut, ROBERT GENTILE and ANDREW PARENTE, the defendants herein, knowingly and intentionally conspired and agreed together, and with others unknown to the grand jury, to possess with intent to distribute and to distribute Schedule II controlled substances, contrary to the provisions of Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about November 22, 2011, in the District of Connecticut, ROBERT GENTILE and ANDREW PARENTE, the defendants herein, did knowingly and intentionally possess with the intent to distribute, and did distribute, a mixture and substance containing a detectable amount of oxycodone, in a form commonly known as OxyContin, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about October 17, 2011, in the District of Connecticut, ROBERT GENTILE, the defendant herein, did knowingly and intentionally possess with the intent to distribute, and did distribute, a mixture and substance containing a detectable amount of hydromorphone, in a form commonly known as Dilaudid, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

On or about November 4, 2011, in the District of Connecticut, ROBERT GENTILE, the defendant herein, did knowingly and intentionally possess with the intent to distribute, and did distribute, a mixture and substance containing a detectable amount of hydromorphone, in a form commonly known as Dilaudid, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

On or about November 21, 2011, in the District of Connecticut, ROBERT GENTILE, the defendant herein, did knowingly and intentionally possess with the intent to distribute, and did distribute, a mixture and substance containing a detectable amount of hydromorphone, in a form commonly known as Dilaudid, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

On or about February 10, 2012, in the District of Connecticut, ROBERT GENTILE, the defendant herein, did knowingly and intentionally possess with the intent to distribute, a mixture and substance containing a detectable amount of oxycodone, in a form commonly known as Percocet, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substance Offenses)

Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Six of this Indictment, ROBERT GENTILE, the defendant herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to, the following:

      a. Premises known as 69 Frances Drive, Manchester, Connecticut,

      b. Approximately $22,000 in United States currency, and

if any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

_____
DAVID B. FEIN
UNITED STATES ATTORNEY

_____
JOHN H. DURHAM
ASSISTANT UNITED STATES ATTORNEY